CAREY v. SHERWOOD et al.

(Circuit Court, M. D. Pennsylvania. February 5, 1912.)

No. 57.

WILLS (§ 630*)—CONSTRUCTION—CONTINGENT ESTATES.

Testator gave to his wife and sister the use of a coal bed so long as the wife remained his widow, then to testator's son H., if living, and, if not, to the children of H., H. to have the use of the coal bed until his three sons became of age, when they were to have the use of the bed until they had three sons, one each, and they became of age, when they were to have the coal land and coal, their parents to have the free use of the coal for their own use. *Held* that, testator's three great-grandsons, not having all arrived at age, no title was vested in one of them, since testator's son took an estate for years, terminating when the youngest of his three sons became of age, whereupon they in turn had the use of the coal bed from the time they all arrived at age until each of them had a son of age, when the estate terminated and vested in such children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480; Dec. Dig. § 630.*]

In Equity. Bill by Clarence Carey against J. M. Sherwood and another. Bill dismissed.

M. J. Martin and James J. O'Malley, for plaintiff.

J. E. Sickler, Paul J. Sherwood, A. A. Vosburg, and Frank P. Slattery, for defendants.

WITMER, District Judge. The plaintiff, Clarence Carey, by bill in equity seeks to enjoin the defendant J. M. Sherwood from collecting rents, royalties, and revenues, from the other defendant, John Komara, for mining coal upon a certain property leased by Sherwood to Komara, whereof the plaintiff claims title. The bill furthermore calls for an accounting and general relief. The plaintiff claims title to the premises in question through the last will and testament of Daniel Carey, who died April 15, 1864. The following is a copy of the will:

"I, Daniel Carey of the township of Scott, in the county of Luzerne and state of Pennsylvania, being of sound and disposing mind and memory, do make and declare this to be may last will and testament, in manner following that is to say, I give to my wife the use of my farm and stock and farming utensils, also, the free use of coal and my sister Eliza to and the use of all the household furniture as long as she remains my widow, then to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

go to my son Henry if living, if not then to go to his children. Henry is to have the use of my coal bed. N. B. the timber on the coal land is to be saved expressly for the use of the coal bed and not cut off and wasted. It lies in the township of Carbondale and Blakely, until his three sons by the names of Jesse Carey and Henry D. D. Carey. Stephen Carey becomes of age, then they are to pay three girls by the names of Martha Maria and Diana and Ida Isabella daughters of Henry D. Carey my son the sum of one hundred dollars a peace when they come in possession of the coal bed, and they are to have the use of the coal bed until they have three sons, that is to say one son a peace, and they become of age, then they are to have the coal land and coal, but their parents are to have the free use of coal for their own use, and I declare this to be my last will and testament. In witness whereof, I, the said testator have to this my last will and testament set my hand and seal the 20th day of March A. D. 1864.

"Daniel Cary. [L. S.]"

The testator seems to have had it in mind that the "coal bed" would furnish a means of livelihood for the son, grandsons, and great-grandsons provided for, generation by generation. His provisions respecting the preceding interests granted are impartial in terms and values. Each successive estate began with the same event and ended likewise. If Daniel Carey died before all of Henry's three sons were of age, then Henry took an estate for years, terminating eo instante when the youngest of his three sons became of age, whereupon the estate enjoyed by him passed to the sons, Jesse, Henry D., and Stephen. They then in turn had the use of the coal bed from the time they all arrived of age until each of them had a son of age. On the happening of this contingency—that is, when the youngest son of the sons of Jesse, Henry D., and Stephen attain the age of 21 years—the tenancy of the sons of Henry ceases, and the estate intended by the testator for the plaintiff will then take effect, if at all, and not before. When all of the sons became of age, they shall have the coal land and coal, is the language of the will, and cannot be mistaken. Technical rules of construction need not be called to assistance to ascertain the intent of the testator. His own words, though somewhat crippled and poorly arranged in this particular, are sufficiently explicit.

The bill admits that the sons of Jesse, Henry D., and Stephen are not all of age; hence, the contingency on which the estate shifts having not been reached, title has not vested in the plaintiff, and the bill must be dismissed, with costs.